IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLAIN A. HARDY, JR.,

    Plaintiff,                                    No. 2:12-cv-1026-EFB

    vs.

MICHAEL RANDALL MCLAUGHLIN;       <u>ORDER</u>
OLD DURHAM WOOD, INC.;

    Defendants.
_____/

        On July 13, 2012, this action was referred to the undersigned based on the consent of the parties, and all hearing dates then set before the district judge were vacated.[1]  *See* Dckt. No. 10; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(c).  Because this case has not yet been scheduled pursuant to Federal Rule of Civil Procedure 16(b), a status (pretrial scheduling) conference will be set before the undersigned.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  A Status (Pretrial Scheduling) Conference is set for September 19, 2012, at 10:00 a.m. in Courtroom No. 24 before the undersigned.

////

---

[1] On July 16, 2012, defendants filed a corrected consent form, clarifying that both defendants consent to the jurisdiction of a United States Magistrate Judge.  Dckt. No. 11.

1

2. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports[2] briefly describing the case and addressing the following:

    a. Progress in service of process;

    b. Possible joinder of additional parties;

    c. Expected or desired amendment of pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Cut-off dates for discovery and law and motion, and dates for pretrial conference and trial;

    h. Special procedures, if any;

    I. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

    k. Whether the case is related to any other cases, including bankruptcy;

    l. Whether a settlement conference should be scheduled;

    m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

    n. Any other matters that may add to the just and expeditious disposition of this matter.

3. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action.

---

[2] The parties are encouraged, when possible, to file a joint status report.

1    4. All counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. *See* L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen (14) days preceding the noticed hearing date. The Local Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(I) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: July 17, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE