1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  BLAIN A. HARDY, JR.,

11          Plaintiff,                    No. 2:12-cv-1026-EFB

12      vs.

13  MICHAEL RANDALL MCLAUGHLIN;
    OLD DURHAM WOOD, INC.,
14                                  STATUS (PRETRIAL SCHEDULING) ORDER
          Defendants.
15  _____/

16          This case is before the undersigned pursuant to the consent of the parties.  *See* Dckt. Nos.

17  10, 11; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(c).  On September 19, 2012, the case was

18  before the undersigned for a status (pretrial scheduling) conference.  Attorney Joseph Maloney

19  appeared on behalf of plaintiff and attorney Andrew Morrissey appeared on behalf of defendants.

20  After hearing, and pursuant to the parties' joint status report, Dckt. No. 13, the court enters the

21  following scheduling order:

22  SERVICE OF PROCESS

23          Service of process is undisputed and defendants have answered.

24  JOINDER OF PARTIES/AMENDMENTS

25          No further joinder of parties or amendments to pleadings is permitted except with leave

26  of court, good cause having been shown.

1

JURISDICTION/VENUE

Plaintiff contends that this court has jurisdiction under 28 U.S.C. § 1331 in that plaintiff's claims arise under 42 U.S.C. § 2000e-2 and § 2000e-3 (Title VII).  Plaintiff also contends the court has supplemental jurisdiction under 28 U.S.C. § 1367.  Defendants question jurisdiction and contend that they may file a motion to dismiss for lack of subject matter jurisdiction.  Venue is not disputed.

MOTION HEARING SCHEDULES

All law and motion, except as to discovery, shall be *completed* by September 25, 2013. The word "completed" in this context means that all law and motion matters must be heard by the above date.  Counsel (and/or pro se parties)[1] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT

---

[1] Any reference to "counsel" in this order includes parties appearing *in propria persona.*

2

1  WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE

2  GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

3  DISCOVERY

4        All non-expert discovery shall be *completed* by May 30, 2013 and all expert discovery

5  shall be *completed* by July 30, 2013.  The word "completed" means that all discovery shall have

6  been conducted so that all depositions have been taken and any disputes relative to discovery

7  shall have been resolved by appropriate order if necessary and, where discovery has been

8  ordered, the order has been complied with.  Motions to compel non-expert discovery must be

9  noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not

10  later than April 24, 2013 and motions to compel expert discovery must be heard not later than

11  June 26, 2013.

12  EXPERT DISCLOSURE

13        On or before June 30, 2013, the parties are to designate in writing, and serve upon all

14  other parties, the names of all experts they propose to tender at trial.

15        An expert witness not appearing on said lists will not be permitted to testify unless the

16  party offering the witness demonstrates:  (a) that the necessity of the witness could not have been

17  reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel

18  were promptly notified upon discovery of the witness; and (c) that the witness was promptly

19  proffered for deposition.  Failure to provide the information required along with the expert

20  designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

21        For the purposes of this scheduling order, experts are defined as "percipient" and "Rule

22  26" experts.  Both types of experts shall be listed.  Percipient experts are persons who, because

23  of their expertise, have rendered expert opinions in the normal course of their work duties or

24  observations pertinent to the issues in the case.  Another term for their opinions are "historical

25  opinions."  Percipient experts are experts who, unless also designated as Rule 26 experts, are

26  limited to testifying to their historical opinions and the reasons for them.  That is, they may be

asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[2] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the undersigned on December 18, 2013 at 10:00 a.m. in Courtroom No. 24. Counsel are cautioned that counsel appearing for pretrial will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE

---

[2] The court is not interested in a designation of non-testifying Rule 26 experts.

GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual issues shall be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issues.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial.  *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[3]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

---

[3] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1   viewed as an abuse of the court's processes.

2         Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their

3   duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and

4   the elimination of meritless claims or defenses; (b) settling of facts which should be properly

5   admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must

6   prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with

7   these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

8   SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

9   claims or defenses, or such other sanctions as the court deems appropriate.

10  TRIAL SETTING

11        A jury trial is set to commence before the undersigned on March 11, 2014 at 9:30 a.m. in

12  Courtroom No. 24.  The parties anticipate that the trial will take four days.

13  SETTLEMENT CONFERENCE

14        A settlement conference will be set at the request of the parties at the time of the Pretrial

15  Conference.  If the parties conclude that an earlier settlement conference would likely resolve the

16  case, they may contact the clerk to request that one be scheduled.

17  SUMMARY OF ORDER

18        THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

19       1.  All non-expert discovery shall be *completed* by May 30, 2013 and all expert discovery

20  shall be *completed* by July 30, 2013.  Motions to compel non-expert discovery must be heard not

21  later than April 24, 2013 and motions to compel expert discovery must be heard not later than

22  June 26, 2013.

23       2.  The parties shall make their expert disclosures on or before June 30, 2013.

24       3.  All pretrial motions, except motions to compel discovery, shall be completed as

25  described herein on or before September 25, 2013.

26  ////

1       4.  The final pretrial conference is set before the undersigned on December 18,

2   2013 at 10:00 a.m. in Courtroom No. 24.  Pretrial statements shall be filed in accordance with

3   Local Rules 281 and 282, and the requirements set forth herein.

4       5.  A jury trial is set to commence before the undersigned on March 11, 2014 at

5   9:30 a.m. in Courtroom No. 24.

6       IT IS SO ORDERED.

7   DATED:  September 20, 2012.

                              EDMUND F. BRENNAN

8                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26